UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREA THREADFORD, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:18-cv-00262-RDP |
| } | |
| THE BOARD OF TRUSTEES OF THE } | |
| UNIVERSITY OF ALABAMA, } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion to Dismiss. (Doc. # 4). Defendant Board of Trustees of the University of Alabama ("Board of Trustees") moves to dismiss Plaintiff's claims based on Eleventh Amendment immunity and sovereign immunity. Before this case was reassigned to the undersigned, a Magistrate Judge directed Plaintiff to file any opposition to the Motion by March 30, 2018. (Doc. # 5). To date, Plaintiff has not opposed the Motion, and it is ripe for review. After careful review, and for the reasons explained below, the court concludes that Defendant's Motion to Dismiss is due to be granted.

**I.     Background**

In her Complaint, Plaintiff alleges that the University of Alabama at Birmingham ("UAB") or its agents repeatedly called her cell phone, even though she informed UAB that it was contacting the wrong number. (Doc. # 1 at ¶¶ 5-7). She claims that Defendant used an autodialer, predictive dialer, or pre-recorded calls without permission. (*Id.* at ¶ 8).

Plaintiff raises a claim under the Telephone Consumer Protection Act ("TCPA") based on Defendant's use of an automatic telephone dialing system to call her cell phone. (*Id.* at ¶¶ 24-

32). Plaintiff also raises a state-law invasion of privacy claim based on Defendant's intrusion into her seclusion. (*Id.* at ¶¶ 33-40).

## II. Standard of Review

Because Defendant's Motion to Dismiss is based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the court outlines the applicable standards of review for both types of motions.

### A. Rule 12(b)(1) Motions

Challenges to subject matter jurisdiction under Rule 12(b)(1) can exist in two different forms: facial attacks and factual attacks. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). When presented with a facial attack on a plaintiff's complaint, a court determines whether the complaint has sufficiently alleged subject-matter jurisdiction. *Id.* The court proceeds as if it were evaluating a Rule 12(b)(6) motion, views the complaint in the light most favorable to the plaintiff, and accepts any well-pled facts alleged in the complaint as true. *Id.* Factual attacks, on the other hand, question "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Here, Defendant's motion is properly characterized as a facial challenge because Defendant has not contested the veracity of the Complaint and has not submitted additional evidence.

### B. Rule 12(b)(6) Motions

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that all of the

well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

**III. Analysis**

Defendant's motion presents two issues: (1) whether Plaintiff's TCPA claim is barred by Eleventh Amendment immunity; and (2) whether Plaintiff's invasion of privacy claim is barred by sovereign immunity under Alabama state law. The court agrees with both of Defendant's immunity arguments.

**A. The TCPA Claim is Barred by Eleventh Amendment Immunity**

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although the express language of the [Eleventh] [A]mendment does not bar suits against a state by its own citizens, the Supreme Court has held that an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens." *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). The Eleventh Amendment bars suit against any "arm of the state," including "agents and instrumentalities of the State." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (*en banc*) (plurality opinion). The Board of Trustees is an arm of the state of Alabama entitled to the protection of Eleventh Amendment immunity. *E.g.*, *Eubank v. Leslie*, 210 F. App'x 837, 844-45 (11th Cir. 2006); *Harris v. Bd. of Trs. Univ. of Ala.*, 846 F. Supp. 2d 1223, 1233 (N.D. Ala. 2012).

There are two exceptions to Eleventh Amendment immunity:

> First, Congress can abrogate eleventh amendment immunity without the state's consent when it acts pursuant to the enforcement provisions of section 5 of the fourteenth amendment. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985). Second, a state may waive its

4

> immunity expressly through legislative enactment. "In the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).

*Carr*, 916 F.2d at 1524-25 (internal footnote omitted and alterations adopted). The second exception to Eleventh Amendment immunity does not apply, as the State of Alabama has not waived its immunity. *See* Ala. Const. Art. I, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity."). Therefore, the court must address whether Congress has abrogated Eleventh Amendment immunity in the TCPA. It has not.

"Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute." *Dellmuth v. Muth*, 491 U.S. 223, 228 (1989) (quoting *Atascardero State Hosp. v. Scanlon*, 473 U.S. 234, 242 (1985)). "[E]vidence of congressional intent must be both unequivocal and textual." *Id.* at 230. The TCPA, located in 47 U.S.C. § 227, contains this relevant private cause of action:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3). The TCPA specifies the extent to which it preempts state law. *Id.* § 227(f). And, it authorizes civil actions by the states' attorneys general and chief legal officers.

5

*Id.* § 227(e)(6), (g). But, nothing in the TCPA suggests that Congress intended to abrogate the states' Eleventh Amendment immunity. Therefore, the TCPA does not abrogate Defendant's Eleventh Amendment immunity, and the TCPA claim against Defendant is due to be dismissed.[1]

### B. The Invasion of Privacy Claim is Barred by Sovereign Immunity

Under Article I, Section 14 of the Alabama Constitution, "the State of Alabama shall never be made a defendant in any court of law or equity." This constitutional provision provides "a 'nearly impregnable' and 'almost invincible' 'wall' that provides the State an unwaivable, absolute immunity from suit [ ] in any court." *Ex parte Town of Lowndesboro*, 950 So. 2d 1203, 1206 (Ala. 2006) (citations omitted). Additionally, under § 14, state agencies are "absolutely immune from suit." *Lyons v. River Road Constr., Inc.*, 858 So. 2d 257, 261 (Ala. 2003). The Board of Trustees is a state agency entitled to governmental immunity under the Alabama Constitution. *Hutchinson v. Bd. of Trs. of Univ. of Ala.*, 256 So. 2d 281, 283 (Ala. 1971) (affirming that the Board of Trustees was entitled to governmental immunity); *Freeman v. Bd. of Trs. of Univ. of Ala.*, 2015 WL 3604197, at *5 (N.D. Ala. June 8, 2015); *Harris*, 846 F. Supp. 2d at 1235. Accordingly, Plaintiff's invasion of privacy claim in Count Two also is due to be dismissed.

## IV. Conclusion

For the reasons explained above, Plaintiff's TCPA claim is barred by Eleventh Amendment immunity, and her invasion of privacy claim is barred by sovereign immunity. Defendant's Motion to Dismiss (Doc. # 4) is thus due to be granted. Ordinarily, the court would grant Plaintiff an opportunity to amend her Complaint, but such an amendment would be futile in light of the immunities possessed by the Board of Trustees. *Hall v. United Ins. Co. of Am.*, 367

---

[1] The court need not address whether Congress acted pursuant to the enforcement provisions of Section 5 of the Fourteenth Amendment when it enacted the TCPA, though it strongly doubts that Congress relied on the Fourteenth Amendment for authority to enact the TCPA.

F.3d 1255, 1262-63 (11th Cir. 2004). An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this May 14, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE